IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>OBSA AHMED,<br><br>        Defendant. | 4:21-CR-3072<br><br>TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report in this case. The defendant has objected to the presentence report (filing 39) and requested a downward variance (filing 41).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)    impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    The defendant has objected to the base offense level as stated in the presentence report. Filing 39. Pursuant to U.S.S.G. § 2A3.5(1), the base offense level is determined by which tier of sex offender the defendant was required to register as. That, in turn, is determined by 34 U.S.C. § 20911(2)-(4), which classifies sex offenders into "tiers" based on the seriousness of their offense of conviction.

    The presentence report finds that the defendant is a tier II sex offender, and thus a base offense level 14, because his "offense [was] punishable by imprisonment for more than one year and [was] comparable or involves use of a minor in a sexual performance." *See* § 20911(3)(B)(i). But that can't be right. The defendant was required to register as a sex offender because of a Wisconsin conviction for false imprisonment. That offense is committed when a defendant "intentionally confines or restrains another without the person's consent and with knowledge that

he or she has no lawful authority to do so." Wis. Stat. § 940.30. Nothing about that offense involves proof of a sexual performance.[1]

The Wisconsin sentencing, however, suggests that the *facts* of the case (which was resolved pursuant to a plea) may have involved an attempted sexual assault or some sort of abusive or coercive sexual contact. *See* filing 42-1. Although the defendant denied that, the sentencing judge was clearly unpersuaded. *See* filing 42-1 at 32, 37-38. But while the Eighth Circuit has not addressed whether determining a sex offender's "tier" requires a categorical or circumstance-specific approach, the Court agrees with Judge Strand's well-reasoned decision (adopting Judge Mahoney's equally well-reasoned recommendation) holding that a Court should apply a categorical approach when comparing a defendant's prior state conviction to the enumerated federal offenses in tier II and tier III. *United States v. Laney*, No. 20-CR-3053, 2021 WL 1821188 (N.D. Iowa May 6, 2021), *adopting report and recommendation*, 2021 WL 2373845 (N.D. Iowa Mar. 26, 2021) (collecting cases).

Accordingly, the Court agrees with the defendant that the relevant underlying offense for these purposes is false imprisonment, which is not enumerated in § 20911—meaning that he is in the "catchall" category of a tier I sex offender.[2] That, in turn, means base offense level 12. The Court's *tentative* conclusion is that the defendant's objection has merit.

---

[1] It was a "sex offense" under *federal* law, however—for purposes of sex offender registration—because it involved an unrelated minor. *See* § 20911(5)(A)(ii) & (7)(B).

[2] The Court notes that the Wisconsin crime of "false imprisonment" does not meet the generic, contemporary definition of "kidnapping" for purposes of the categorical approach. *Compare* §

- 3 -

       The defendant has also requested a downward variance based on his personal circumstances and the circumstances of the offense. *See* filing 41. That request will be resolved at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

---

940.30, *with, e.g.,* *United States v. Najera-Mendoza,* 683 F.3d 627, 630 (5th Cir. 2012). It is also noteworthy that § 20911 itself distinguishes between "kidnapping" and "false imprisonment." *See* § 20911(7)(A)-(B).

Dated this 26th day of May, 2022.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge